UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DAVID ANDREW BARDES,<br>    Plaintiff, | Case No. 1:21-cv-598<br>Cole, J.<br>Litkovitz, M.J. |
| vs. | |
| UNITED STATES OF AMERICA,<br>    Defendant. | **REPORT AND<br>RECOMMENDATION** |

Plaintiff, a resident of Cincinnati, Ohio, brings this pro se action against the United States of America seeking a writ of mandamus. By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review to determine whether the petition, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action

has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). A complaint filed by a pro se plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a

formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff's pro se petition challenges the alleged failure to enforce the laws of the United States against torture:

> 1. A dangerous situation has developed as a result of not enforcing our nation's laws against murder and torture in regards to George W. BUSH, Dick Cheney, and a finite group of CIA officers. This problem has ballooned over the past twenty years to the point our nation's sovereignty has been lost to foreign nations whom agree to keep secrets in return for power and control over the UNITED STATES just to protect George W. BUSH from our laws and the laws of the International Criminal Court (ICC). The ICC has opened their war crimes investigation into the use of George W. BUSH's "Cold Cell Torture" or "Induced Hypothermia" to brutally torture to death multiple innocent victims.
>
> 2. Three Presidents and a dozen CEO's have now been compromised protecting George W. BUSH from our laws. As I state below in the Facts of the Case, along with the website log evidence in Exhibit A, this pathetic mess that George W. BUSH has created, can only be remedied by court order directing the Executive Branch to enforce our well established laws against murder and torture. While prosecuting and executing a past President for repeated brutal murder is profound, the fact remains no one is above the law. As Justice Amy Coney Barrett recently said "it's not my job to decide cases based on the outcome I want." Please issue an order directing the Executive Branch to charge and prosecute George W. BUSH for murder and torture as our laws and Constitution require.
>
> **B. Facts of the Case**
>
> 3. In 2006, I was falsely accused of not paying my child support and thrown in jail until the judge signed an order striking the falsely reported arrears. During the first three days I was locked inside a punishment holding cell called an "intensive management" cell. These cells are engineered to be made very cold, such the inmate shivers in the cold until they cooperate. I suffered from violent shivering and intense prolonged pain until I lost consciousness from hypothermia.
>
> 4. After leaving jail, I started doing research on these cold punishment holding cells, and discovered a dozen inmates whom died from hypothermia in these cells. Alarmed as you can imagine, I sought the assistance of lawyers. But each of the lawyers could not help me because every federal judge instantly dismissed torture

3

> lawsuits to protect George W. BUSH, Dick Cheney, and the few CIA torture agents from being sued and executed for repeatedly torturing to death innocent victims in their war on terror. The federal courts cited torture as "too hot of a topic" to address at the time.

(Doc. 1-1 at PAGEID 4-5). The petition also includes allegations about the lawsuits plaintiff filed challenging "hypothermic torture" and the actions of the courts addressing those lawsuits. As relief, plaintiff requests that this Court "issue an order for the Executive Branch to charge and prosecute said bad actors for murder and torture, forthwith, please, thank you." (*Id.* at PAGEID 8).

Plaintiff's petition is insufficient to state a claim for mandamus relief and should be dismissed. Plaintiff's petition for a writ of mandamus seeks to compel the investigation and prosecution of former president George W. Bush for alleged criminal activity. Pursuant to 28 U.S.C. § 1361:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

28 U.S.C. § 1361. "The writ of mandamus is an extraordinary remedy and will issue only when the petitioner has demonstrated that: (1) the petitioner has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available." *Leisure v. FBI of Columbus, Ohio*, 2 F. App'x 488, 490 (6th Cir. 2001) (citing *Youghiogheny & Ohio Coal Co. v. Milliken*, 200 F.3d 942, 955 (6th Cir. 1999); *In re NLO, Inc.*, 5 F.3d 154, 155-56 (6th Cir. 1993)). Even if plaintiff were able to meet the first and third elements for mandamus relief, he is unable to satisfy the second. The federal district courts lack the power to compel a federal criminal investigation or prosecution at the request of a citizen plaintiff. *See id.; see also Jarrett v. Ashcroft*, 24 F. App'x 503, 504 (6th Cir. 2001) ("mandamus cannot be used to compel the Attorney General or the United States Attorney to conduct investigations or prosecute alleged

civil rights violators") (citing *Ryon v. O'Neill,* 894 F.2d 199, 205 n.3 (6th Cir. 1990)); *Bond v. Thornburgh*, 891 F.2d 289 (6th Cir. 1989) ("United States attorneys cannot be ordered to prosecute, because the decision is within their discretion.") (citing *Peek v. Mitchell*, 419 F.2d 575, 577 (6th Cir. 1970)). The petition fails to establish that the Executive Branch has a clear duty to prosecute alleged criminal activity. Accordingly, the petition fails to state a claim for mandamus relief and should be dismissed under 28 U.S.C. § 1915(e)(2)(B).

### IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's petition for a writ of mandamus be **DISMISSED** with prejudice.

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

_____
Karen L. Litkovitz, Magistrate Judge
United States District Court

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVID ANDREW BARDES,
    Plaintiff,

vs.

UNITED STATES OF AMERICA,
    Defendant.

Case No. 1:21-cv-598
Cole, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).