UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**DAVID ANDREW BARDES,**

        Petitioner,

v.

**UNITED STATES OF AMERICA,**

        Respondent.

**Case No. 1:21-cv-598**
**JUDGE DOUGLAS R. COLE**
Magistrate Judge Litkovitz

# ORDER

This cause comes before the Court on Magistrate Judge Litkovitz's October 7, 2021, Report and Recommendation ("R&R") (Doc. 4). The R&R recommends the Court dismiss Petitioner David Andrew Bardes's Petition for a Writ of Mandamus (Doc. 3) with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). (Doc. 4, #124[1]). The R&R also recommends that the Court certify pursuant to 28 U.S.C. § 1915(a) that an appeal of this Order would not be taken in good faith. (*Id.*). Bardes timely objected (Doc. 5) on October 18, 2021.

For the reasons stated more fully below, the Court **ADOPTS** the R&R (Doc. 4), **DISMISSES** this action **WITH PREJUDICE**, and **CERTIFIES** that an appeal of this Order would not be taken in good faith.

## BACKGROUND

In his Petition (Doc. 3), Bardes alleges that in 2006, he "was falsely accused of not paying [his] child support" and placed in jail. (Doc. 3, #68). While there, Bardes

---

[1] Refers to PageID #.

1

states he was detained in a "cold punishment holding cell," where he was subjected to "very cold" temperatures until he "lost consciousness from hypothermia." (*Id.*). When he was released, Bardes attempted to file multiple civil rights lawsuits in federal court, alleging that the inhumane conditions to which he was exposed were a form of torture. (*Id.* at #68–70). However, Bardes states that his efforts were often thwarted because the George W. Bush administration was "repeatedly torturing to death innocent victims in [the] war on terror." (*Id.* at #68). Consequently, "every federal judge instantly dismissed torture lawsuits to protect George W. Bush, Dick Cheney, and the few CIA torture agents from being sued[.]" (*Id.*).

Bardes states that, in recent years, the courts have corrected course and "inmates no longer die[] from hypothermia." (*Id.* at #70). However, Bardes also maintains that those responsible for this alleged scandal have never been held criminally accountable. (*Id.* at #70–71). Accordingly, Bardes now seeks a writ of mandamus to compel the executive branch to prosecute former President Bush and other alleged "bad actors for murder and torture." (*Id.* at #71).

Bardes files this action pro se and in forma pauperis. Two results follow from that. First, by local rule, the matter is assigned to a Magistrate Judge. Second, under 28 U.S.C. § 1915(e)(2)(B), the Magistrate Judge must screen the matter for frivolousness. Here, after performing such a screening, the assigned Magistrate Judge filed an R&R (Doc. 4) in which she recommends that this Court dismiss the Petition with prejudice. Bardes objected (Doc. 5), and the Court reviews his objections below.

## LAW & ANALYSIS

Under Fed. R. Civ. P. 72(b)(3), district courts review an R&R de novo after a party files a timely objection. This review, however, applies only to "any portion to which a proper objection was made." *Richards v. Colvin*, No. 2:12-cv-748, 2013 WL 5487045, at *1 (S.D. Ohio Sept. 30, 2013). In response to such an objection, "[t]he district court 'may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.'" *Id.* (quoting Fed. R. Civ. P. 72(b)(3)). By contrast, if a party makes only a general objection, that "has the same effect[] as would a failure to object." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *Boyd v. U.S.*, No. 1:16-cv-802, 2017 WL 680634, at *1 (S.D. Ohio Feb. 21, 2017). That is, a litigant must identify each issue in the R&R to which he or she objects with sufficient clarity that the Court can identify it, or else that issue is deemed waived. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious.").

That being said, here, as noted, the petitioner is proceeding pro se. A pro se litigant's pleadings are to be construed liberally and are subject to less stringent standards than formal pleadings filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). At the same time, pro se litigants must still comply with the procedural rules that govern civil cases. *McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

Bardes objects to the R&R on three grounds, arguing that (1) he was never sent a copy of the R&R by regular mail; (2) in his view, sua sponte dismissal under 28 U.S.C. § 1915(e) applies only to pro se *prisoner* suits, and while Bardes is proceeding

3

pro se, he is not incarcerated; and (3) the Magistrate Judge's recommendation that the Court certify that an appeal of this Order would not be taken in good faith means that the Magistrate Judge is presuming he is acting in bad faith, in turn revealing that the Magistrate Judge is biased against him. The Court addresses each of these objections below.

First, Bardes argues that he was not mailed a copy of the R&R. (Obj., Doc. 5, #126). However, Bardes filed timely objections to the R&R and has not alleged that he was otherwise prejudiced by the purported failure to receive a copy by regular mail. (*Id.*). Thus, this objection is overruled.

Second, Bardes objects to the Magistrate Judge's sua sponte dismissal of his Complaint pursuant to 28 U.S.C. § 1915(e) because, Bardes argues, this statutory provision only applies to incarcerated pro se litigants, as it is part of the Prison Litigation Reform Act ("PLRA"). (*Id.* at #126 ("The intent of 1915 was to cut down on abusive inmate lawsuits for broken cookies on a meal tray, so I object to [being] lumped into this group simply because I am poor.")). Bardes is incorrect. According to the Sixth Circuit:

> non-prisoners proceeding in forma pauperis are still subject to the screening requirements of § 1915(e). Thus, even assuming that [the plaintiff] is not a "prisoner" under the PLRA, his complaint [is] still subject to screening under § 1915(e) because the district court granted his request for in forma pauperis status.

*Ongori v. Hawkins*, No. 16-2781, 2017 WL 6759020, at *1 (6th Cir. Nov. 15, 2017) (internal citations omitted). Thus, the Court overrules this objection, as well.

Third, and finally, Bardes objects to the Magistrate Judge's recommendation that the Court certify that any appeal of this Order would not be taken in good faith. (Obj., Doc. 5, #126). As best the Court can discern, Bardes understands that certification to mean that the Magistrate Judge is presuming that Bardes is acting, or will act, in bad faith. According to Bardes, this is evidence that the Magistrate Judge was biased against him or is engaged in "corruption." (*Id.*).

But Bardes misinterprets the R&R. In recommending that the Court certify that an appeal of this Order would not be taken in good faith, the Magistrate Judge was merely acting pursuant to 28 U.S.C. § 1915(a)(3). That section prohibits a plaintiff from pursuing an appeal in forma pauperis "if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). As the Sixth Circuit has explained, "an appeal is not in good faith if it lacks an arguable basis either in law or in fact." *In re Scott*, No. 19-1290, 2020 WL 7232197, at *1 (6th Cir. Apr. 28, 2020). The R&R plainly demonstrates that Bardes's Petition lacks an arguable basis in law because "federal district courts lack the power to compel a federal criminal investigation or prosecution at the request of a citizen plaintiff." (Doc. 4, #123). That is a correct statement of the law, and the Magistrate Judge thus properly concluded that an appeal of this Order would not be taken in good faith.

## CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the R&R (Doc. 4) and **DISMISSES** this action **WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

5

The Court further **CERTIFIES** pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in good faith.

The Court **DIRECTS** the Clerk to enter judgment accordingly and to **TERMINATE** this case on the Court's docket.

**SO ORDERED.**

December 21, 2021
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**