UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVID ANDREW BARDES,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 1:21-cv-598
JUDGE DOUGLAS R. COLE
Magistrate Judge Litkovitz

## ORDER

This cause comes before the Court on Magistrate Judge Litkovitz's January 25, 2022, Report and Recommendation ("R&R") (Doc. 10). That R&R recommends that this Court deny Plaintiff David Andrew Bardes's Motion for Leave to proceed on appeal in forma pauperis (Doc. 9) pursuant to 28 U.S.C. § 1915. Bardes timely filed Objections (Doc. 12) to the R&R, and the matter is now ripe for District Court review.

For the reasons stated more fully below, the Court **OVERRULES** Bardes's Objections (Doc. 12). Accordingly, the Court **ADOPTS** the R&R (Doc. 10) and **DENIES** Bardes's Motion for Leave to proceed on appeal in forma pauperis (Doc. 9).

## LAW & ANALYSIS

Under Fed. R. Civ. P. 72(b)(3), district courts review an R&R de novo after a party files a timely objection. This review, however, applies only to "any portion to which a proper objection was made." *Richards v. Colvin*, No. 2:12-cv-748, 2013 WL 5487045, at *1 (S.D. Ohio Sept. 30, 2013). In response to such an objection, "[t]he district court 'may accept, reject, or modify the recommended disposition; receive

1

further evidence; or return the matter to the magistrate judge with instructions.'" *Id.* (quoting Fed. R. Civ. P. 72(b)(3)). By contrast, if a party makes only a general objection, that "has the same effect[] as would a failure to object." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *Boyd v. United States*, No. 1:16-cv-802, 2017 WL 680634, at *1 (S.D. Ohio Feb. 21, 2017). That is, a litigant must identify each issue in the R&R to which he or she objects with sufficient clarity that the Court can identify it, or else that issue is deemed waived. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious.").

That being said, here, the petitioner is proceeding pro se. A pro se litigant's pleadings are to be construed liberally and are subject to less stringent standards than formal pleadings filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). At the same time, pro se litigants must still comply with the procedural rules that govern civil cases. *McNeil v. United States*, 508 U.S. 106, 113 (1993).

Under 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." As the R&R correctly explains, "[g]ood faith in this context is demonstrated when the party seeks appellate review of an issue that is not frivolous. *See Coppedge v. United States,* 369 U.S. 438, 445 (1962). An appeal is frivolous where the appeal lacks an arguable basis in either law or fact. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989)." (R&R, Doc. 10, #143[1]).

---

[1] Refers to PAGEID #.

2

The R&R recommends that the Court deny Bardes's Motion for Leave to proceed in forma pauperis on appeal, because this Court, in dismissing Bardes's Complaint for failure to state a claim, previously certified that any in forma pauperis appeal of the decision would not be taken in good faith. (R&R, Doc. 10, #143 (citing Dismissal Order, Doc. 6)).

In his Objections, Bardes offers two arguments against the R&R. First, he argues that the R&R mischaracterizes the Court's prior Order as having dismissed his Complaint for failure to state a claim upon which relief can be granted. (Obj., Doc. 12, #148–49). Second, Bardes argues that his appeal would not be frivolous, as he does not seek to compel the Executive Branch to investigate and prosecute certain former government officials, and thus—contrary to the Court's conclusions in its prior Order—the Court has the power to grant him the relief he requests. (*Id.* at #149). For the reasons stated more fully below, the Court rejects both of these arguments.

First, Bardes's Objections argue that the R&R mischaracterizes his Complaint as having been dismissed for failure to state a claim upon which relief can be granted. (*Id.* at #148–49). Rather, Bardes argues, this Court's prior Order merely dismissed his Complaint because "federal district courts lack the power to compel a federal criminal investigation or prosecution at the request of a citizen plaintiff." (*Id.* at #149 (quoting Dismissal Order, Doc. 6, #134)). The Court struggles to follow the distinction Bardes makes here, as the excerpt he quotes from the Court's prior Order clearly demonstrates that his Complaint was dismissed for failure to state a claim upon which this Court has the power to grant him relief.

3

As best the Court can discern, Bardes also rejects the R&R's conclusion that an appeal of the prior Order would be frivolous. Bardes argues that his appeal would not be frivolous, because even if federal courts lack the power to compel a federal criminal investigation or prosecution, that is irrelevant because his Complaint never "petitions the court to 'compel a federal criminal investigation or prosecution at the request of a citizen plaintiff.' Rather, [Bardes's] complaint is a simple Mandamus seeking the Executive Branch officers to perform duties required by law." (*Id.* (quoting Order, Doc. 6, #134)).

Again, the Court does not follow the distinction Bardes attempts to make. To be sure, Bardes is correct that he asks the Court to compel "Executive Branch officers to perform duties required by law." (*Id.*). But the "duties required by law" that Bardes seeks to compel are a federal criminal investigation or prosecution. Moreover, in now arguing that he never sought to compel such an investigation or prosecution, Bardes mischaracterizes his own Complaint, which states: "[p]lease issue an order for the Executive Branch to charge and prosecute said bad actors for murder and torture, forthwith, please, thank you." (Compl., Doc. 3, #71).

The remainder of Bardes's Objections accuses the Magistrate Judge and this Court of multiple federal crimes, and also asks that the Magistrate Judge and this Court "accept these objections of legal notice of intent and duty to sue." (Obj., Doc. 12, #150). Because this argument does not respond the R&R, the Court cannot, and does not, consider it here. *Littlepage v. Barrett,* No. 1:20-cv-800, 2021 WL 5275721, at *3

(S.D. Ohio Nov. 12, 2021) ("[T]his argument is … unresponsive to the R&R, and thus does not constitute a proper objection.").

## CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Bardes's Objections (Doc. 12) and **ADOPTS** the R&R (Doc. 10). Accordingly, the Court **DENIES** Bardes's Motion for Leave to proceed in forma pauperis on appeal (Doc. 9).

Further, the Court **ADVISES** Bardes that, pursuant to Fed. R. App. P. 24(a)(4), he may file, within thirty (30) days after service of this Order, a motion with the Sixth Circuit Court of Appeals for leave to proceed in forma pauperis on appeal. *Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), *overruling in part Floyd v. U.S. Postal Serv.*, 105 F.3d 274 (6th Cir. 1997). If he elects to do so, the motion must include a copy of the affidavit he filed in the District Court, and the District Court's statement of the reasons for denying pauper status on appeal. *Id.*; *see* Fed. R. App. P. 24(a)(5).

The Court further **NOTIFIES** Bardes that, if he does not either (1) file a motion within thirty (30) days of receiving notice of this decision as required by Fed. R. App. P. 24(a)(5), or (2) pay the required filing fee of $505.00 within this same time period, any appeal will be dismissed for want of prosecution. *Callihan*, 178 F.3d at 804. If his appeal is dismissed for want of prosecution, the appeal will not be reinstated, even if the filing fee or motion for pauper status is subsequently tendered, unless Bardes can demonstrate that he did not receive notice of the District Court's decision within the time period prescribed for by Fed. R. App. P. 24(a)(5). *Id.*

**SO ORDERED.**

<u>March 10, 2022</u>
**DATE**

**DOUGLAS R. COLE
UNITED STATES DISTRICT JUDGE**

6